IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony M. Palmer,<br><br>        Plaintiff,<br>v.<br><br>Johns Island Post Acute, LLC,<br><br>        Defendant. | Case No. 2:22-cv-3432-RMG<br><br>**ORDER AND OPINION** |

      This matter is before the Court on the Report and Recommendation ("R & R") of the United States Magistrate Judge. (Dkt. No. 20). The R & R recommends that Defendant's Motion to Dismiss and Compel Arbitration (Dkt. No. 6) be granted so that the parties can arbitrate. (*Id.* at 18). Plaintiff filed objections (Dkt. No. 21), and Defendant replied (Dkt. No. 23). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendant's motion to dismiss.

**I.    Background**

      Plaintiff filed this employment suit against his former employer, alleging sexual harassment and retaliation in violation of Title VII and asserting a state-law-based claim of wrongful discharge in violation of public policy. (Dkt. No. 1).

      Defendant moved to dismiss and compel arbitration citing Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) and the Federal Arbitration Act ("FAA"). (Dkt. No. 6). Defendant asserts Plaintiff entered into an arbitration agreement that covers Plaintiffs Claims. (*Id.*) Plaintiff opposes the motion, arguing that the arbitration agreement fails to satisfy the basic requirements of an enforceable contract. (Dkt. No. 9 at 5). Specifically, Plaintiff disputes that he signed an electronic version of the arbitration agreement. (*Id.*)

After reviewing Defendant's motion, Plaintiff's response, and the applicable law, the Magistrate Judge recommended granting Defendant's Motion to Dismiss and Compel Arbitration. (Dkt. No. 20). Upon consideration of Plaintiff's objections to the R & R and Defendant's reply, the Court adopts the R & R in its entirety.

## II.    Standard

### A.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

### B.  Motion to Compel Arbitration under the FAA

Once a litigant moves to compel arbitration under the FAA, 9 U.S.C. §§ 1 *et seq.*, the district court determines whether a matter should be resolved through arbitration depending on (1) whether a valid arbitration agreement exist and (2) whether the dispute falls within the substantive scope of the arbitration agreement. *AT&T Tech. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643,

651 (1986). The Supreme Court has consistently encouraged a "healthy regard for the federal policy favoring arbitration." *Levin v. Alms and Associates, Inc.*, 634 F.3d 260, 266 (4th Cir. 2011).

"Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997). Section 4 of the FAA requires the district court to "decide whether the parties have formed an agreement to arbitrate." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 n.9 (2019). The question of whether an arbitration agreement has been formed is one of contract law, and ordinary state law principles apply. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When a party "unequivocally denies 'that an arbitration agreement exists,' " that party bears the burden of coming forward with "sufficient facts" to support her position. *Berkeley Cnty. Sch. Dist.*, 944 F.3d at 234. The standard to decide whether the party has presented "sufficient facts" is "akin to the burden on summary judgment," and the court may consider matters outside the pleadings. *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015). The trial provision of Section 4 is invoked only where "the record reveals a genuine dispute of material fact 'regarding the existence of an agreement to arbitrate.' " *Berkley Cnty. Sch. Dist.*, 944 F.3d at 234. Where there is no genuine dispute of material fact an agreement exists, the court will compel arbitration.

### III.   Discussion

Plaintiff applied for a position with Defendant as a registered nurse on March 10, 2021. Plaintiff completed an application by hand. (Dkt. No. 6-5 at 2-3). The application included various statements, which the applicant was required to initial. (*Id.*) One of the statements Plaintiff personally hand initialed stated as follows:

> I understand that any and all disputes regarding my employment with the Company, including any disputes relating to termination of my employment, are subject to the Alternative Dispute Process, which includes final and binding arbitration. I also understand and agree, as a condition of employment, to submit any such disputes for resolution under that process, and I further agree to abide by and accept the decision of the arbitration panel as the final binding decision and resolution of any such disputes I may have.

(Dkt. No. 6-5 at 3). Plaintiff was offered employment by letter dated March 17, 2021 with a start date of March 24, 2021. (Dkt. No. 6-4). Plaintiff accepted the offer and commenced work on March 24, 2021. Defendant utilized at that time a newly adopted onboard process that included an electronic component. (*Id.*) The onboard process included the completion of various documents, including documents for direct deposit, federal and state tax withholding, and an arbitration agreement. (Dkt. No. 6-6 at 3). The record shows that Plaintiff entered his electronic signature on the arbitration agreement on March 24, 2021 at 11:04 a.m. (Dkt. No. 6-2 at 8; 6-6 at 6). The record further shows that he executed his federal and state tax withholding documents between 11:01 and 11:02 a.m. and that he completed his direct deposit form at 10:59 a.m. (Dkt. No. 6-6 at 6).

Plaintiff asserts in his objections that he never reviewed or completed any forms online or on a computer. (*Id.* at 9; Dkt. No. 21 at 1-2). To support his argument, Plaintiff submitted an affidavit of a Marsha Gilliland, a former employee of the Defendant, that stated it was her practice, as Staff Development Coordinator, to obtain inked signature on hard copies for the Defendant's arbitration agreements. (Dkt. No. 10-1). Plaintiff also submitted an affidavit of his own stating that he recalled Ms. Gilliland approaching him to discuss the arbitration agreement and that he ultimately decided not to sign the arbitration agreement. (Dkt. No. 21-1). Plaintiff further stated that he did not sign the arbitration agreement online. (*Id.*)

After careful review of the record, the R & R, and the Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that a binding contract

4

to arbitrate the disputes in this case exists. (Dkt. No. 20 at 10-12). The Court address Plaintiff's objections below.

First, Plaintiff objects that the Magistrate Judge improperly weighed the record evidence when concluding that a material dispute of fact does not exist regarding Plaintiff's electronic signature. (Dkt. No. 20 at 2 ("[I]t is only the role of the Magistrate to determine whether a genuine issue of material fact exists and not whose facts she deems more compelling."). The Court overrules that objection because the Magistrate Judge did not weigh the evidence or judge credibility but simply noted that Plaintiff failed to provide any material evidence refuting that he electronically signed the arbitration agreement. (Dkt. No. 20 at 11-12).

Moreover, the Court, on its independent review of the evidence, finds that the affidavits are not sufficient to create a dispute of material fact regarding Plaintiff's electronic signature. Nothing in Ms. Gilliland's statement calls into question Plaintiff's electronic signature. Ms. Gilliland states that "it was [her] practice to sit down with each employee, in person, hand them a paper copy of the [arbitration agreement] and have them sign a hard copy log and that "in [her] experience, no employees ever signed an electronic version of the [arbitration agreement]." (Dkt. No. 10-1). These facts, taken as true, do not establish Defendant's practice or policies regarding new hire onboarding nor does it establish Ms. Gililland's personal knowledge with respect to Plaintiff and his signing of this agreement.

Nor does Plaintiff's self-serving testimony create a genuine dispute of material fact. Plaintiff states that he remembers Ms. Gilliland mentioning the arbitration agreement to him and deciding not to sign it and that he never signed an arbitration agreement online. (Dkt. No. 21-1). Plaintiff does not offer any corroborating evidence, nor does he support his allegations with any other specific evidence. A party's self-serving statement cannot by itself defeat summary a motion

5

to compel arbitration. *Snow v. Genesis Eldercare Rehabilitation Servs., LLC*, 2023 WL 371085, at *3 (D.S.C. Jan. 24, 2023); *see also CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658 (4th Cir. 2020) ("A party's self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment."). Accordingly, the Court concludes that Plaintiff's affidavit did not create a genuine dispute of fact as to the authenticity of the signature on the arbitration agreement

Second, Plaintiff objects that the Magistrate Judge improperly disregarded statements of Plaintiff's counsel. (Dkt. No. 21 at 3). The Court overrules this objection because the Magistrate Judge clearly considered the statements of counsel despite questions regarding its admissibility at this stage. (Dkt. No. 20 at 5 ("[B]ecause Plaintiff presumably can put his information in to an admissible format, the undersigned will consider Plaintiff's additional factual allegations made through Plaintiff herein.")). Moreover, the Court considers this evidence now in reviewing the R & R as shown in the Court's analysis above.

Third, Plaintiff objects that the Magistrate Judge incorrectly concluded that Plaintiff's only argument is his failure to recall signing the agreement. (Dkt. No. 21 at 3). Plaintiff contends that he did not sign the agreement. (*Id.*) The Court overrules that objection based on the reasoning in *Snow v. Genesis Eldercare Rehabilitation Servs.* The plaintiff in *Snow* declared that she flatly denied seeing, signing, or agreeing to the arbitration agreement. *Snow*, 2023 WL 371085, at *3. The court found that the plaintiff's declaration did not create a dispute of material fact regarding the plaintiff's signature. *Id.* The Court here adopts the reasoning in *Snow* and also finds Plaintiff's declaration that he did not sign the agreement insufficient to create a dispute of material fact.

Fourth, Plaintiff objects that the Magistrate Judge favored the affidavit of Catrena Fields, human resources manager of Defendant. (Dkt. No. 21 at 3). Plaintiff specifically challenges the Magistrate Judge's reliance on Ms. Fields statement that Plaintiff was required to verify his social

security number and zip code to access particular new hire documents for review and electronic signature. (*Id.*) Plaintiff argues that Defendant was already in possession of Plaintiff's application which contained his social security number and zip code. (*Id.*) This argument presupposes that Defendant forged Plaintiff's signature on the arbitration agreement with the information from the application.[1] The Court cannot blindly accept this allegation of forgery, which would, if true, likely constitute criminal conduct, without a shred of evidence to support such a claim. *See Snow*, 2023 WL 371085, at *3 ("Although [the plaintiff] alleges 'fraud and untruthfulness' against [the defendant], [the plaintiff] does not support these allegations with any citations to the record.").

Accordingly, the Court agrees with the Magistrate Judge that Defendant has produced record evidence that a valid agreement to arbitrate exists between the parties, which Plaintiff did in fact electronically sign, and that the agreement covers the matter in dispute. The Court agrees that Plaintiff has failed to produce material evidence challenging that finding. Consequently, the Court finds on this record that a valid and enforceable arbitration agreement existed between Plaintiff and Defendant and under these circumstances the Court is required to stay or dismiss this case and compel arbitration. *See* 9 U.S.C. §§ 3, 4; *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). Whereas in this case, it appears that all of Plaintiff's claims would be encompassed by the arbitration agreement, dismissal is an

---

[1] Plaintiff, however, failed to explain how Defendant might have completed the other electronically submitted documents that required information not contained in Plaintiff's application. Specifically, Plaintiff did not explain how Defendant would be in possession of information necessary to complete the tax forms or in possession of bank details needed to complete the direct deposit form. The Court finds the absence of that information glaring because the tax forms and direct deposit forms were completed within minutes of the arbitration agreement.

appropriate remedy. *See Choice Hotels Int'l, Inc.*, 252 F.3d at 709–10. Thus, the Court will dismiss Plaintiff's claims.

## IV.   Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R as the Order of the Court. Plaintiff is **COMPELLED** to arbitrate his claims against Defendant. This action is **DISMISSED WITHOUT PREJDUICE**.

_s/_  Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 22, 2023
Charleston, South Carolina